UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD SANTANA, | ) | CASE NO. CV 19-1852-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO REMAND |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Plaintiff Richard Santana's Motion to Remand, filed on March 28, 2019. (Dkt. No. 14). Having been thoroughly briefed by the parties, this Court took the matter under submission on April 26, 2019.

Plaintiff Santana ("Plaintiff") originally filed suit on January 28, 2019 in Los Angeles County Superior Court against Defendant Ford Motor Company ("Ford"). Plaintiff's original complaint contained multiple causes of action under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, which is also known as California's "Lemon Law." *Ibrahim v. Ford Motor Co.*, 214 Cal. App. 3d 878, 882 (1989). Plaintiff also included a single federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Plaintiff filed a First Amended Complaint ("FAC") on March 20, 2019, which was allowed as a matter of course pursuant to

Federal Rule of Civil Procedure 15(a)(1)(B).  The FAC adds Galpin Motors, Inc. ("Galpin"), the dealership that sold the subject vehicle to Plaintiff and serviced the vehicle, as a Defendant and removes the sole federal cause of action.  Galpin is a citizen of California for jurisdictional purposes and, therefore, the addition of Galpin as a Defendant destroys diversity jurisdiction.  Likewise, removal of the sole federal cause of action destroys federal question jurisdiction.

Courts have recognized that the usually liberal approach to amendment under Federal Rule of Civil Procedure 15(a) does not apply when a plaintiff seeks to amend its complaint after removal to add a diversity-destroying defendant.  *See, e.g.*, *Greer v. Lockheed Martin*, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010).  To apply Rule 15(a)'s permissive standard in this situation "would allow a plaintiff to improperly manipulate the forum of an action." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999).  Accordingly, when a plaintiff seeks to amend its complaint after removal to add a diversity-destroying defendant, courts in this district generally scrutinize the proposed amendment under the standard of 28 U.S.C. § 1447(e).

28 U.S.C. § 1447(e) states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."   Whether to permit joinder of a party that will destroy diversity jurisdiction rests in the sound discretion of the Court.  *Palestini v. General Dynamics Corp*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)); *Clinco*, 41 F. Supp. 2d at 1082.  "Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *IBC Aviation Servs v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

Here, the joinder of Galpin as a Defendant is needed for just adjudication of the case. Although courts consider the standard set forth under Rule 19 in determining whether to permit joinder under § 1447(e), amendment under § 1447(e) involves a less restrictive standard than joinder under Rule 19. *Id.* at 1011-12. "A necessary party is one having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *Id.* at 1011 (citing *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)) (internal quotes omitted). "This standard is met when failure to join will lead to separate and redundant actions," but not when the diversity-destroying defendant is only tangentially related to the cause of action or would not prevent complete relief if not added. *Id.* (citing *CP Nat'l Corp.*, 928 F. 2d at 910).

Courts in this and other California districts have permitted amendment to add a diversity-destroying defendant, and ordered remand as a result, under similar circumstances. *See, e.g.*, *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *3, 5 (C.D. Cal. June 13, 2016) (granting motion for leave to amend complaint after removal and remanding case where plaintiff sought to amend complaint to add dealership that serviced her vehicle); *Chipley v. Ford Motor Co.*, 2018 U.S. Dist. LEXIS 70563 (N.D. Cal. Apr. 26, 2018). Here, as in *Forward-Rossi*, all of Plaintiff's claims against both Ford and Galpin involve the same vehicle, the same alleged defects in that vehicle, and the same unsuccessful attempts to repair that vehicle; resolution of the claims against both Defendants will likely require many of the same documents and witnesses and will turn on many of the same legal and factual questions; and the non-diverse dealership was a direct participant in the transactions at issue. *Id.* Here, unlike in *Forward-Rossi*, Galpin not only serviced Plaintiff's vehicle but was also the dealership that sold the vehicle to her. Moreover, Plaintiff reasonably expects that the addition of Galpin as a Defendant may help her counter certain defenses that may be raised by Ford. In sum, the first factor weighs in favor of remand.

The second factor—the statute of limitations—arguably weighs against remand since Plaintiff concedes that a separate state court action against Galpin would not be time-barred. However, this factor is outweighed in this case by considerations of efficiency and judicial

economy. Because Galpin is a necessary party, requiring Plaintiff to file a separate state court action against Galpin would clearly be at odds with those considerations.

The third factor—whether there has been unexplained delay—weighs neither in favor of nor against remand. Although Plaintiff has not explained why Galpin was not named as a defendant on the state court complaint, the delay here is harmless since the amendment was made less than two months after the original complaint was filed and only one week after Defendant Ford filed its answer and removed the action to federal court.

The fourth factor—whether joinder is intended solely to defeat federal jurisdiction—does not weigh for or against remand. There is a "general presumption against fraudulent joinder," and the burden is on Defendant to defeat that presumption. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Here, although the amendments to the complaint both act to destroy federal jurisdiction, that does not appear to be Plaintiff's sole reasoning. As explained above, Galpin is needed for just adjudication of this case, and the addition of Galpin as a Defendant will advance the interests of judicial economy and efficiency. Moreover, as discussed in more detail below, the claims against Galpin appear to be valid, which also weighs against finding that joinder of Galpin was intended solely to defeat federal jurisdiction. Lastly, questions of state law predominate in this action, and Plaintiff's elimination of his sole federal cause of action is reasonable in light of that fact. In sum, Ford cannot defeat the "general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir.2007).

In its Opposition, Ford contends for the first time that the implied warranty claim is the only claim that may be raised against Galpin and that the claim is time-barred, so Galpin cannot be sued on any theory and Plaintiff must simply be seeking to destroy diversity. Ford asserts that the statute of limitations for Plaintiff's implied warranty claim runs from the date Plaintiff purchased the subject vehicle and that there is no rule that might toll the statute of limitations for a breach of implied warranty. First, it is not clear that the implied warranty claim is the only claim that may be raised against Galpin in this action. Plaintiff's second cause of action, brought pursuant to California Civil Code § 1793.2(b), applies to "the manufacturer *or its representative in this state*."

And second, the statute of limitations issue is at least subject to reasonable dispute. *See, e.g.*, *Chipley*, 2018 U.S. Dist. LEXIS 70563, at *6-7. Accordingly, resolution of that issue of California law is best reserved for the expertise of the state court.

The fifth factor—whether the claims against the new defendant appear valid—weighs in favor of remand. As discussed above, Plaintiff seeks to bring the same or similar claims arising out of the same transactions against Galpin as against Ford. The claims appear to be "facially legitimate" against Galpin to the same or similar extent as against Ford. *See Taylor v. Honeywell Corp.*, 2010 WL 1881459, *3 (N.D. Cal. May 10, 2010).

The sixth and final factor—whether denial of joinder will prejudice the plaintiff—weighs in favor of remand. Given all of the above considerations—specifically the necessity of joining Galpin for just resolution of the case, the timeliness of Plaintiff's Motion, judicial economy and efficiency, and the facial validity of Plaintiff's claims against Galpin—it would be prejudicial to require Plaintiff to litigate his claims in federal court and to be left with no recourse against Galpin except to file a separate and redundant action in state court.

**IT IS HEREBY ORDERED** that Plaintiff Richard Santana's Motion to Remand is GRANTED. (Dkt. No. 14). This case is remanded to the Superior Court for the County of Los Angeles.

Dated: May 10, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE